UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| DONALD PAUL | CIVIL ACTION NO. 07-1619-P |
| VERSUS | JUDGE STAGG |
| CAPTAIN GREY, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Donald Paul ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on September 26, 2007. Plaintiff is incarcerated at the Bossier Parish Correctional Center in Plain Dealing, Louisiana, and he complains his civil rights were violated by prison officials. He names Sheriff Larry Dean, the Bossier Parish Sheriff's Department and the Bossier Parish Police Jury as defendants.[1]

Plaintiff claims he has been denied the right to a law library. He claims money is being taken out of his account illegally.

Accordingly, Plaintiff seeks a transfer to another facility, monetary compensation and

---

[1] Plaintiff also names Captain Grey, Miss Whaley and nurse Jane Doe as defendants. Plaintiff's claims against these defendants have been addressed in a separate memorandum order.

his money returned to his account.

For the following reasons, Plaintiff's complaint should be dismissed with prejudice as frivolous and for failure to state a claim on which relief may be granted.

## LAW AND ANALYSIS

**Law Library Claim**

Plaintiff claims he is denied access to a law library while working on this case because the facility does not have one. He claims he was therefore unable to receive legal advice regarding this case. Prisoners have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without limitation. Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)).

In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional right to "meaningful access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing. Lewis, 116 S.Ct. at 2179. The Court used the analogy of a prisoner who is denied access to courts to that of

a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. Clearly, Plaintiff has not satisfied the "actual injury" requirement. Plaintiff has failed to demonstrate that he was substantially delayed in obtaining judicial review of his claims as a result of the denial of access to the law library. Plaintiff claims he was transferred to the Bossier Parish Correctional Center in July 2007. He filed this complaint in this Court in September 2007. Plaintiff admits that he has not lost the right to commence, prosecute or appeal any suit as a result of the denial of access to the law library. Plaintiff's complaint in this Court reveals on its face that he was able to clearly present his claims to this Court. Thus, Plaintiff has failed to state any actual injury.

Accordingly, Plaintiff's claims regarding the denial of a law library should be dismissed with prejudice as frivolous.

**Property Claim**

Plaintiff claims money is being taken from his account illegally. Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities secured by the Constitution or laws of the United States" by a person acting under color of state law. Accordingly, the initial inquiry and threshold concern of the reviewing court is whether Plaintiff's constitutional rights have been violated. See Parratt v. Taylor, 451 U.S. 527, 107 S. Ct. 1908 (1981).

The property of which Plaintiff was allegedly deprived can constitute "property" within the meaning of the Due Process Clause of the Fourteenth Amendment and its loss is worthy of redress if the loss implicates constitutional rights. See id. at 542, 107 S. Ct. at 1916. However, the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States. See Baker v. McCollan, 433 U.S. 137, 99 S. Ct. 2689 (1979). A constitutional deprivation of property without due process of law, as differentiated from a state tort law claim, must be intentional and plaintiff must allege specific facts which support such a conclusion.

Absent an intentional deprivation of property where the charge only supports a negligent failure by defendants, a constitutional deprivation does not lie. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986). Moreover, even in instances where intentional deprivation occurs

where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984), on remand, 744 F.2d 22 (4th Cir. 1984); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984). Mere assertions of intentionality are not enough in the absence of specific facts supporting the assertions and "even if the taking were intentional, the state could afford the [plaintiff] due process by providing a post-deprivation remedy for the redress of the unforeseeable, unauthorized injury... alleged." Lewis v. Woods, 848 F.2d 649, 652 (5th Cir. 1988). Louisiana law provides Plaintiff the opportunity to seek redress for his loss, whether intentional or negligent. See La. Civ. Code art. 2315.

Accordingly, Plaintiff's claim regarding the taking of his property is not cognizable under Section 1983.

**Bossier Parish Sheriff Department**

Plaintiff names the Bossier Parish Sheriff Department as a defendant. He makes no claims against the Bossier Parish Sheriff Department. Furthermore, a parish sheriff's office is not a legal entity capable of being sued. Cozzo v. Tangipahoa Parish Council, 279 F.3d 273 (5th Cir. 1/10/02). Thus, the Caddo Parish Sheriff's Office is not a proper defendant.

Accordingly, the Bossier Parish Sheriff Department should be dismissed from this action with prejudice.

**Sheriff Larry Dean and the Bossier Parish Police Jury**

Plaintiff names Sheriff Larry Dean and the Bossier Parish Police Jury as defendants. He makes no claims against Sheriff Larry Dean and the Bossier Parish Police Jury. Furthermore, 42 U.S.C. § 1983 will not support a claim based on a respondent superior theory of liability. See Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir. 1992), cert. denied, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Jennings v. Joshua Independent School District, 877 F.2d 313 (5th Cir. 1989), cert. denied, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). Plaintiff therefore has failed to state a claim upon which relief may be granted as to Sheriff Larry Dean and the Bossier Parish Police Jury.

Accordingly, Sheriff Larry Dean and the Bossier Parish Police Jury should be dismissed from this action with prejudice.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in

fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims regarding access to a law library and the taking of property be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e) and that defendants the Bossier Parish Sheriff Department, Sheriff Larry Dean and the Bossier Parish Police Jury be **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were

not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

   **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 27 day of May 2008.

                         _____
                          MARK L. HORNSBY
                          UNITED STATES MAGISTRATE JUDGE