UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


DONALD PAUL                                    CIVIL ACTION NO. 07-cv-1619

VERSUS                                         JUDGE STAGG

CAPTAIN GREY, ET AL                            MAGISTRATE JUDGE HORNSBY


**REPORT AND RECOMMENDATION**

**Introduction**

Donald Paul ("Plaintiff") filed this pro se civil rights action against officials at the

Bossier Parish Correctional Center. The court earlier dismissed all claims against Sheriff

Larry Deen, the Bossier Parish Sheriff's Department, and the Bossier Parish Police Jury. The

court also dismissed claims based on access to a law library and the alleged wrongful taking

of money from the inmate's account. Docs. 14 and 17. The remaining defendants were

Captain Gray (misspelled as Grey in the complaint), Miss Whaley, and Nurse Jane Doe.

Captain Charles Gray and Kendra Whaley have now filed a Motion for Summary

Judgment (Doc. 36) and asked for dismissal of all remaining claims. The motion was noticed

for briefing, but Plaintiff did not file any timely opposition. It is recommended, for the

reasons that follow, that the motion be granted.

**Summary Judgment Standard**

Summary judgment is proper when the movant can demonstrate that there is no

genuine issue of material fact and that he is entitled to judgment as a matter of law. All facts

and inferences must be construed in the light most favorable to the non-movant. <u>Kirschbaum v. Reliant Energy, Inc.</u>, 526 F.3d 243, 248 (5th Cir. 2008). But where the non-moving party fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, no genuine issue of material fact can exist. <u>McLaurin v. Noble Drilling (US) Inc.</u>, 529 F.3d 285, 288 (5th Cir. 2008).

In a summary judgment contest, a plaintiff may no longer rely solely on the allegations in his complaint. Rather, he must produce competent summary judgment evidence to create a genuine issue of material fact. Only evidence – not argument, not facts in the complaint – will satisfy Plaintiff's summary judgment burden. <u>Solo Serve Corp. v. Westowne Associates</u>, 929 F.2d 160, 164 (5th Cir. 1991).

**The Constitution and Inmate Medical Care**

Plaintiff's principal allegations are that prison officials did not provide him adequate medical care, diet, and exercise. For a convicted prisoner or pretrial detainee to prevail on a claim that his medical care (or lack of care) violated the Constitution, he must prove that prison or jail officials were "deliberately indifferent" to his "serious medical needs." <u>Estelle v. Gamble</u>, 97 S.Ct. 285, 291 (1976); <u>Hare v. City of Corinth</u>, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. <u>Estelle</u>, 97 S.Ct. at 291-92. Disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not

state a constitutional claim for indifference to medical needs. <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997).

**Analysis**

Plaintiff alleged in his complaint that he has difficulty digesting food because of an old stab wound in his stomach area. He claims that he has chronic pancreatitis and needs gall bladder surgery, and he alleges that he informed a nurse during his medical interview that he needed a low fat diet. He claims that the nurse ignored his duty status issued by a physician at E. A. Conway Hospital. Miss Whaley, the kitchen supervisor, is accused of not providing a low fat diet with extra portions. Plaintiff also complains that he has been denied regular exercise or treatment for exposure to Hepatitis C.

The summary judgment evidence does not support these allegations. Plaintiff's medical records show that he arrived from another facility on July 10, 2007, and the Bossier staff conducted a medical screening. The screening form notes that Plaintiff suffers from ulcers, dental problems, and Hepatitis C. The staff also noted that Plaintiff reported recent care for a stomach issue and that he had problems with pancreatitis and his gall bladder. Plaintiff also said that he had been prescribed a low fat diet.

Miss Whaley testifies that an inmate is screened for dietary needs, the information is forwarded to the medical department, and a registered dietician develops a diet for the inmate. Miss Whaley prepares trays in accordance with those directions and sends them to the dormitories for service to individual inamtes. The inmate must sign to acknowledge that

he received his tray and that it was correct. If the inmate indicates that the tray is not correct, the tray is returned, and another tray is prepared. Miss Whaley testifies that she is aware that Plaintiff was ordered a low fat diet. Most meals are turkey or chicken, so those meals meet the criteria. Plaintiff was not served any fried foods, and she is not aware that Plaintiff complained about his food or returned any trays. Miss Whaley never received any orders to change Plaintiff's diet or include extra portions.

The remaining medical records show that Plaintiff received frequent attention from a physician or other medical staff. Plaintiff complained of a toothache, and he was sent to a dentist. Plaintiff filed a kite to request a bottom bunk and an extra ration of low fat diet. He was seen by a physician four days later. The physician assessed Plaintiff with constipation and a possible history of pancreatitis. He ordered magnesium citrate and encouraged an increase in fluids. Plaintiff was ordered to continue his current diet.

The records show that Plaintiff was also given liver function tests and evaluated for Hepatitis C. Plaintiff was treated for his problems having bowel movements and for earaches, and one earache resulted in a prompt trip to a local hospital for the administration of medicines for infection and pain. Plaintiff was later treated by a prison physician for complaints of ear pain. A colonoscopy was performed during a visit to the local hospital, and the results were within normal limits. Plaintiff was also treated for a rash and toothache.

The uncontested facts set forth above do not present any genuine issue as to whether Captain Gray or Miss Whaley were deliberately indifferent to any of Plaintiff's serious

medical needs. The record reflects that the prison medical staff (none of whom is named as a defendant)[1] administered medical care, ordered a diet, and had Plaintiff treated outside the facility when warranted. Miss Whaley followed the instructions of the medical staff with respect to diet. Captain Gray testifies that he is not authorized to change the diet of an inmate without an order from a physician. He remembers telling Plaintiff that no matter what diet had been ordered at another facility, Plaintiff would have to follow the directions of the Bossier facility's physician. Both Gray and Whaley are entitled to summary judgment with respect to the medical care/diet claim.

Plaintiff also alleged that Captain Gray threatened to harm him if he requested medical treatment. Captain Gray testifies that he "did not threaten and is not aware of any threats of physical harm to the plaintiff." Plaintiff has not created a genuine issue of material fact with respect to this issue, so Gray is entitled to summary judgment on this claim as well.

Plaintiff complained about the lack of a bottom bunk, but he has not demonstrated how a constitutional violation arose from any such denial.

Plaintiff complains that he lacked regular exercise. Captain Gray testifies that the dormitories are large enough to allow an inmate room to exercise within the building. Furthermore, inmates are allowed outside exercise when the weather permits. Gray does not

---

[1] Plaintiff did name as a defendant Nurse Jane Doe, but Plaintiff has never moved to substitute an actual person for that fictitious defendant. The summary judgment records, particularly the medical records, do not suggest a basis for a claim against a nurse.

offer any specific testimony about Plaintiff exercising but, conversely, Plaintiff has not presented any competent summary judgment evidence to suggest that he was denied exercise to an extent that would give rise to a constitutional claim. Cases such as <u>Hernandez v. Velasquez</u>, 2008 WL 820999 (5th Cir. 2008), in which an inmate was kept 13 months without out-of-cell exercise, reflect the demanding standard that applies to such claims. Plaintiff has not satisfied that standard, so summary judgment is warranted.

Accordingly;

**IT IS RECOMMENDED** that the **Motion for Summary Judgment (Doc. 36)** filed by Captain Gray and Kendra Whaley be **granted** and that all remaining claims in this case be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass</u> v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of April, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE